UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JUDY PYATT,**

    **Plaintiff,**

v.

    Civil Action 2:09-cv-00475
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for a Report and Recommendation on Plaintiff's unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (ECF No. 32) and Defendant's Response (ECF No. 33).  For the reasons that follow, the Undersigned **RECOMMENDS** that Plaintiff's Motion be **GRANTED**.

On January 12, 2011, the Court ordered that Plaintiff's counsel be awarded a reasonable attorney's fee of $2,156.25 pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 31.)  On May 7, 2013, Plaintiff's counsel filed the instant Motion, seeking additional fees of $5,162.50 under the Social Security Act, 42 U.S.C. § 406(b)(1).  Defendant does not oppose the additional award of fees and agrees that the hourly rate is reasonable.  Defendant does, however, emphasize that Plaintiff cannot recover twice for the same work.

The Undersigned concludes that Plaintiff's counsel is entitled to fees pursuant to the Social Security Act.  Plaintiff's counsel cannot, however, recover twice for the same work. "'[A]ny funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees

paid out of his or her disability award to his or her counsel.'" *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) (quoting *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D. Ohio 1985)). Applying the foregoing authority, the Undersigned **RECOMMENDS** that the Court award Plaintiff's counsel fees in the amount of $3,006.25. This amount represents an award of $5,162.50 under the Social Security Act, offset by the $2,156.25 Plaintiff's counsel received under the EAJA.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 8, 2014                                             /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge